UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TRACY M. BARRY, SARAH BARRY, DENVER
BARRY, JAMIE LEE OLIVER, ,

              Plaintiff,

vs.                           Case No.  2:12-cv-174-FtM-29SPC

KEVIN RAMBOSK, as Sheriff of Collier
County, Florida, JUAN MANUEL MUNIZ,

              Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on Defendants Muniz's Motion to Dismiss Count III of the Plaintiff's Complaint  (Doc. #17) filed on June 12, 2012.   Plaintiff Sarah Barry filed a response on June 21, 2012.  (Doc. #20.)  For the reasons set forth below, the motion to dismiss is denied.

On August 21, 2008, plaintiffs Tracy M. Barry (Tracy), Sarah Barry (Sarah), Denver Barry, and Jamie Lee Oliver commenced suit against defendants Juan Manuel Muniz (Muniz) and Sheriff Kevin Rambosk in Case Number 2:08-cv-641-JES-DNF in the Middle District of Florida (the first case).  Relevant to this motion, Count III in the first case was brought by plaintiff Sarah and against defendant Muniz pursuant to 42 U.S.C. § 1983 for false arrest.  Specifically, Count III of that case alleged that on March 28, 2008, Sarah was awakened by her sister Tracy's screaming.  Sarah came downstairs and saw Tracy pinned down by Sheriff Muniz who then proceeded to

pepper spray Tracy and pull her down the stairs.  Sarah screamed at

Muniz and attempted to hold her sister's head up as Tracy was

dragged down the stairs.  Sarah was arrested and charged with two

felony counts.  The State of Florida declined to prosecute Sarah on

either of her charges.

In the first case, Muniz moved for summary judgment on Count

III.  On February 3, 2010, summary judgment was granted in favor of

Muniz with respect to Count III.  Specifically, the District Court

found that defendant Muniz had probable cause for Sarah's arrest

and that even if he did not, he enjoyed qualified immunity.  (Case

Number 2:08-cv-641, Doc. #60.)  Thereafter, on February 22, 2010,

the plaintiffs filed an unopposed Motion to Voluntarily Dismiss the

Cause Without Prejudice.[1]  The motion was granted and Judgment was

entered on February 23, 2010, and the entire matter was dismissed

without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

On March 27,2012, the plaintiffs commenced the above captioned

matter based on the same factual allegations as the first case.

The parties agree that Count III of the Complaint in the first case

is the same as Count III in the instant matter.  As such, Muniz

seeks to dismiss the current Count III on the basis of collateral

---

[1]The Court notes that Sarah Barry was not explicitly listed as
one of the plaintiffs moving for voluntary dismissal.  Counsel in
the first case and the current case is the same.  Counsel for both
parties agree that it was their understanding that the Notice of
Voluntary Dismissal applied to Sarah Barry.  (Docs. ##22-23.)

estoppel.    Plaintiff asserts that collateral estoppel is not applicable here.

Collateral estoppel applies to Section 1983 cases and Florida law applies to that determination.   Under Florida law, collateral estoppel applies if (1) an identical issue, (2) has been fully litigated, (3) by the same parties or their privies, and (4) a final decision has been rendered by a court of competent jurisdiction.   Quinn v. Monroe Cnty., 330 F.3d 1320, 1329 (11th Cir. 2003).

Here, Count III clearly meets the first three elements for collateral estoppel.   Count III involves an identical issue as Count III in the first case and was fully litigated through summary judgment by the exact same parties.   Count III, however, does not meet the fourth requirement for collateral estoppel.   The record reflects that in the first case, the parties sought voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2)[2] of the entire matter and did not request separate treatment for Count III.   As a result, the whole case, including Count III, was dismissed voluntarily.    "The effect of a voluntary dismissal without prejudice is to render the proceedings a nullity and leave the

_____

[2]Generally, a plaintiff may ask the Court to dismiss an action at any time.   See Fed. R. Civ. P. 41(a)(2).   Under Rule 41(a)(2), the court has discretion to dismiss the case through an order and to specify the terms of dismissal.   Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272 (11th Cir. 2012).   Unless a Court order states otherwise, dismissal under Rule 41(a)(2) is without prejudice.

parties as if the action had never been brought." <u>Papa John's Intern., Inc. v. Consentino</u>, 916 So. 2d 977, 984 (Fla. App. 4th Dist. 2005) quoting <u>In re Piper Aircraft Distrib. Sys. Antitrust Litig.</u>, 551 F.2d 213, 219 (9th Cir. 1977). As such, "[n]either res judicata nor collateral estoppel is traditionally applicable to a voluntary dismissal." <u>Id.</u>

Accordingly, it is now

**ORDERED**:

Defendants Muniz's Motion to Dismiss Count III of the Plaintiff's Complaint (Doc. #17) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___29th___ day of October, 2012.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record