UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TRACY M. BARRY, SARAH BARRY,
DENVER BARRY and JAMIE LEE
OLIVER,

    Plaintiffs,

v.                                                                      Case No:  2:12-cv-174-FtM-29SPC

KEVIN RAMBOSK and JUAN MANUEL
MUNIZ,

    Defendants.
_____/

**ORDER**

    This matter comes before the Court on the Plaintiffs, Tracy M. Barry, Sarah Barry, Denver Barry and Jamie Lee Oliver's Motion for Additional Time to Obtain an Attorney to Represent Plaintiffs  (Doc. #30) filed on December 6, 2012.  Initially, the Court notes that the Plaintiffs' Motion to Extend Time was filed after the deadline to obtain new counsel had expired.

    The deadline to inform the Court whether or not the Plaintiffs had obtained an attorney expired on December 5, 2012, yet this Motion was filed on December 6, 2012.  Pursuant to Fed. R. Civ. P. (6)(b)(2), if an enlargement of time request is made after the deadline for the act to be done expires, the Court, at its discretion, may grant the enlargement of time request where the failure to act was the result of excusable neglect. Clinkscales v. Chevron U.S.A., Inc., 831 F.2d 1565, 1568 n. 10 (11th Cir. 1987).  The Supreme Court has noted that excusable neglect is an elastic concept which must be assessed in view of all relevant circumstances surrounding the omission. Roberson v Church, 2009 WL 5067800 *1 (M.D. Fla. December 16, 2009)(citing Pioneer Investment Services Co. v. Brunswick Associates, LTD. Partenership, 507 U.S. 380, 390, 113 S. Ct. 1489, 1496-1498 (1993)).

The decision whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Roberson, 2009 WL 5067800 *1 (citing Pioneer Investment Services Co., 507 U.S. 380, 390, (determining meaning of term "excusable neglect" in context of bankruptcy rule). The Court should consider "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Roberson, 2009 WL 5067800 *1 (citing Advanced Estimating System, Inc. v. Riney, 77 F.3d 1322, 1325 (11th Cir.1996) (alteration in original)(applying Pioneer analysis in context of Rule 4(a)(5), Federal Rules of Appellate Procedure). "Primary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration." Roberson, 2009 WL 5067800 *1.

In this instance, the Court will use its discretion to accept the Motion as timely filed because the Plaintiffs lost their legal counsel and are now proceeding *pro se*. However, future filings that are untimely filed without good cause may be denied as untimely.

The Court also notes that the Plaintiffs failed to confer with the Defendants prior to moving the Court for additional time to find an attorney. Under the Local Rules of this District, a movant must first confer with the opposing party to determine whether or not the requested relief is opposed. The Local Rule reads in pertinent part:

> [b]efore filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has

>conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion. A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. The moving party retains the duty to contact opposing counsel expeditiously after filing and to supplement the motion promptly with a statement certifying whether or to what extent the parties have resolved the issue(s) presented in the motion.

M.D. Fla. Local Rule 3.01(g). The Plaintiffs merely state that a copy of the Motion was mailed to the Defendants' Counsel but the Plaintiffs never made an attempt to confer with the Defendants prior to filing this Motion. Nevertheless, the Court will allow the Motion to proceed because the Plaintiffs lost their counsel and are at this point proceeding *pro se*. However, the Plaintiffs are reminded that despite their *pro se* status, it is mandatory that they participate and cooperate in discovery, comply with the deadlines established in the Court's Scheduling Order, respond properly to motions, and proceed in accordance with the Federal and Local Rules. Loren v Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002) (holding that even pro se parties must follow procedures). Failure to do so in the future may result in sanctions or the denial of any motions or requests for relief without further notice.

On November 5, 2012, the Court allowed the Plaintiffs' previous counsel to withdraw and directed the Plaintiffs to obtain new counsel by December 5, 2012, or to inform the Court that they intend to proceed *pro se*. The Plaintiffs move the Court for additional time to obtain an attorney to represent them in their case. The Court will allow the Plaintiff's another twenty-one (21) days to search for counsel. However, the Court also cautions the Plaintiffs that they are responsible for continuing to prosecute their case.

Accordingly, it is now

**ORDERED:**

The Plaintiffs, Tracy M. Barry, Sarah Barry, Denver Barry and Jamie Lee Oliver's Motion for Additional Time to Obtain an Attorney to Represent Plaintiffs   (Doc. #30) is **GRANTED**.  The Plaintiffs have up to and including **December 31, 2012**, to find new counsel to represent them in their case.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

**DONE** and **ORDERED** in Fort Myers, Florida this 10th day of December, 2012.

Copies:  All Parties of Record

4