**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

TRACY M. BARRY, SARAH BARRY,
DENVER BARRY and JAMIE LEE
OLIVER,

    Plaintiffs,

v.                                            Case No:  2:12-cv-174-Ftm-29SPC

KEVIN RAMBOSK and JUAN MANUEL
MUNIZ,

    Defendants.
_____/

## ORDER

This matter comes before the Court on the Defendants, Kevin Rambosk, as Collier County Sheriff, and Juan Manuel Muniz' Motion to Compel Plaintiffs to Provide Responses to Defendants' Request for Production and Answers to Defendants' Incident Interrogatories (Doc. #29) filed on November 26, 2012.  The Plaintiffs have not filed a response in opposition and the time to do so has now passed.

The Federal Rules state that, "[t]he party upon whom the request [for production] is served shall serve a written response within 30 days after the service of the request." Fed. R. Civ. P. 34(b).  Likewise, a party upon whom interrogatories have been served has 30days to respond either by filing answers or objections to the propounded interrogatories. Fed. R. Civ. P. 33(b).  If the serving party does not receive a response to their interrogatories and request for production, then the serving party may request an order compelling disclosure. Fed. R. Civ. P. 37(a).

Whether or not to grant the motion to compel is at the discretion of the trial court. <u>Commercial Union Insurance Co. v. Westrope</u>, 730 F.2d 729, 731 (11th Cir. 1984).

On August 10, 2012, the Defendants mailed their Request for Production and Interrogatories to the Plaintiffs' Counsel. On August 31, 2012, the Plaintiffs' Counsel requested an additional seven (7) days to produce the discovery. The Defendants agreed to the enlarged deadline. On September 28, 2012, the Plaintiffs' Counsel contacted the Defense Counsel and informed Counsel that he notified the Plaintiffs that he was withdrawing his representation of the Plaintiffs in this case. At that time, the Defendants advised that they would not take any action on the outstanding discovery for thirty (30) days.

On November 5, 2012, the Plaintiffs' Counsel filed an amended Motion to Withdraw, which was granted by the Court. The Plaintiffs were given up to and including December 5, 2012, to find new counsel or proceed with their case *pro se*. The Court noted in its Order (Doc. # 28) that the Plaintiffs would be considered as proceeding *pro se* if they failed to find new counsel. The Plaintiffs were cautioned that they were responsible for prosecuting their case.

On December 6, 2012, the Plaintiffs moved the Court for additional time to obtain legal counsel to represent their case. The Court granted the Motion and gave the Plaintiffs up to and including December 31, 2012, to obtain new counsel or proceed *pro se*. Once again the Plaintiffs were cautioned that they were responsible for prosecuting their case. To date, no appearance has been filed by an attorney representing the Plaintiffs. The Plaintiffs have not filed any motions regarding the deadline to find new counsel nor have they notified the Court they intend to proceed *pro se*.

The Court cautioned the Plaintiffs they would be considered as proceeding *pro se* if they failed to obtain new counsel or respond to the Court. The Plaintiffs were also cautioned that they

were responsible for prosecuting their case. Thus, the Plaintiffs are responsible for producing the outstanding discovery requested on August 10, 2012. The Plaintiffs have not answered the interrogatories, produced the requested documents or raised objections to the discovery. Therefore, good cause exists to grant the Motion to Compel.

The Plaintiffs are cautioned that failure to comply with the Court's Order compelling the production of discovery may result in sanctions being imposed. Under Fed. R. Civ. P. 37, sanctions include: (1) taking facts in the order or other designated filings as established; (2) preventing the offending party from supporting or opposing the designated claims; (3) striking pleadings in whole or in part; (4) staying further actions until the order to compel is obeyed; (5) dismissing the action or proceeding in whole or in part; (6) rendering a default judgment against the disobedient party; (7) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination. Fed. R. Civ. P. 37(b)(2)(A). Rule 37 is enforced in this district. M.D. Fla. Discovery at 3. Further, if a Court Order is obtained compelling discovery, unexcused failure to comply with such an order is treated by the Court with special gravity and disfavor. Id.

Accordingly, it is now

**ORDERED:**

The Defendants, Kevin Rambosk, as Collier County Sheriff, and Juan Manuel Muniz' Motion to Compel Plaintiffs to Provide Responses to Defendants' Request for Production and Answers to Defendants' Incident Interrogatories (Doc. #29) is **GRANTED**.

- The Plaintiffs have up to and including **January 28, 2013**, to fully and completely answer the Defendants' Interrogatories and to fully and completely produce the requested production.

- Failure to comply with this Order may result in sanctions including the Court recommending the dismissal of the Plaintiffs' Complaint.

**DONE** and **ORDERED** in Fort Myers, Florida this 7th day of January, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record

4