UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TRACY M. BARRY, SARAH BARRY,
DENVER BARRY and JAMIE LEE
OLIVER,

    Plaintiffs,

v.                                                                                          Case No:  2:12-cv-174-Ftm-29SPC

KEVIN RAMBOSK and JUAN MANUEL
MUNIZ,

    Defendants.
_____/

## ORDER

This matter comes before the Court on Plaintiffs' Motion for Additional time to "Obtain an Attorney to Represent Us" (Doc. #35) filed on March 28, 2013.  Defendants' Memorandum of Law Opposing Plaintiffs' Motion for Additional Time (Doc. #37) was filed on April 2, 2013.  Thus, the Motion is now ripe for review.

Plaintiffs seek an out-of-time extension to obtain an attorney.  By way of background, on November 5, 2012, Plaintiffs' former attorney, Colleen MacAlister, filed a Motion to Withdraw, noting that she has had chronic problems related to the responsiveness of her clients and had been unable to obtain certain medical records and signed releases from Plaintiffs.  (Doc. #27).  Attorney MacAlister also noted that in the Section 1983 case that Plaintiffs' previously filed against the Defendants in August 2008 (Case No. 2:08-cv-641), she also had problems related to responsiveness of her clients.  On November 5, 2012, the Court entered its Order (Doc. #28) granting Plaintiffs' Attorney MacAlister's Amended Motion for Leave to Withdraw as Counsel, allowing Plaintiffs through December 5, 2012, to inform the Court whether they had obtained new counsel or whether they intended to proceed *pro se*.  The Court additionally cautioned the

Plaintiffs at that time that they were responsible for continuing to prosecute their case which, upon their failure to do so, "could result in the case being dismissed." In response, on December 6, 2012, Plaintiffs filed a first Motion for Additional Time to Obtain an Attorney to Represent Us (Doc. #30).

On December 10, 2012 (Doc. #31), the Court granted the first Motion and allowed Plaintiffs until December 31, 2012, to obtain counsel. In that Order, the Court cautioned Plaintiffs that it was their responsibility to continue to prosecute their case. The Court additionally, in its Order, noted that the Plaintiffs had failed to confer with the Defendants prior to the submission of the first Motion for Additional Time to Obtain an Attorney to Represent Us and warned Plaintiffs that future filings that are untimely without good cause may be denied.

Defendants' response to the instant Motion informs the Court that as the issue of counsel was continuing, the Defendants continued to attempt to obtain discovery. On January 7, 2013, this Court issued its Order (Doc. #32) compelling that the Plaintiffs, even though not represented by counsel, fully and completely answer the then outstanding discovery. The Court, in that Order, additionally warned that the failure by the Plaintiffs to continue to prosecute their case including, but not limited to, responding to discovery "may result in sanctions including the Court recommending the dismissal of the Plaintiffs' Complaint." No discovery had been forthcoming, and the Plaintiffs, by that point in time, had still failed to obtain counsel.

Plaintiffs did not obtain counsel by December 31, 2012. Instead, three months later, on March 29, 2013, they filed a second Motion for Additional Time to Obtain an Attorney to Represent Us (Doc. #35), which is at issue in the present Order. The second Motion again fails to indicate that Plaintiffs consulted with Defense Counsel pursuant to Local Rule 3.01(g) prior to the filing of the Motion. Further, the Motion was identical to the first, except that in this second

one, Plaintiffs attached an affidavit of Plaintiff Denver Barry, alleging that their previous attorney, Colleen MacAlister motioned the Court and obtained permission to withdraw without notifying them and that the attorney "lied and mis-led" the Court. (Doc. #35-2). The Court finds it suspect that Plaintiffs are making these accusations now instead of informing the Court at the time the withdrawal took place or informing the Court of this in their first Motion for Additional Time to Obtain an Attorney. Attorney MacAlister indicated in her Motion to Withdraw that Plaintiffs knew since at least September 2012 of her intent to withdraw. (Doc. #27).

Pursuant to Fed. R. Civ. P. (6)(b)(2), if an enlargement of time request is made after the deadline for the act to be done expires, the Court, at its discretion, may grant the enlargement of time request where the failure to act was the result of excusable neglect. Clinkscales v. Chevron U.S.A., Inc., 831 F.2d 1565, 1568 n.10 (11th Cir. 1987). The Supreme Court has noted that excusable neglect is an elastic concept which must be assessed in view of all relevant circumstances surrounding the omission. Roberson v Church, 2009 WL 5067800, at *1 (M.D. Fla. Dec. 16, 2009) (citing Pioneer Investment Services Co. v. Brunswick Associates, LTD. Partnership, 507 U.S. 380, 390, 113 S. Ct. 1489, 1496-98 (1993)).

The decision whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Roberson, 2009 WL 5067800, at *1 (citing Pioneer Investment Services Co., 507 U.S. 380, 390 (determining meaning of term "excusable neglect" in context of bankruptcy rule). The Court should consider "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Roberson, 2009 WL 5067800, at *1 (citing Advanced Estimating System, Inc. v. Riney, 77 F.3d 1322, 1325 (11th Cir. 1996)

(alteration in original) (applying Pioneer analysis in context of Rule 4(a)(5), Federal Rules of Appellate Procedure). "Primary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration." Roberson, 2009 WL 5067800, at *1.

The Court previously granted the first Motion to Obtain Counsel because the Plaintiffs lost their legal counsel and were proceeding *pro se* and noted that future filings that were untimely filed without good cause may be denied as untimely. Having been warned that such a filing would be disfavored, yet filing the request out of time, the Court does not find that Plaintiffs have shown good cause or excusable neglect for an extension of time to obtain an attorney. They filed the request for extension of time three months after the deadline the Court had imposed and Plaintiffs have not indicated any reason they have delayed so long in obtaining an attorney. Plaintiffs have had six months to obtain an attorney since their previous attorney withdrew. Any extension at this point would be prejudicial to the Defendants since they have continually been unable to obtain discovery.

Plaintiffs have time and time again failed to meet deadlines of this Court and participate in discovery even though they filed this lawsuit. Thus, the Motion is denied. This case will proceed with Plaintiffs representing themselves *pro se*. Plaintiffs may continue to look for an attorney but these proceedings will not be stopped so that Plaintiffs may do so. The Plaintiffs are again cautioned that they must participate in this lawsuit and respond to any discovery served on them by the Defendants and any orders of this Court. If they fail to do so this action will be **dismissed for failure to prosecute**.

Accordingly, it is now

**ORDERED:**

Plaintiffs' Motion for Additional time to Obtain an Attorney to Represent Us (Doc. #35) is **DENIED**. The Court will deem the Plaintiffs as proceeding *pro se*.

**DONE** and **ORDERED** in Fort Myers, Florida this 16th day of April, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record